UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUIQIANG XU,<br><br>            Petitioner,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; *et al.*,<br><br>            Respondents. | Case No.: 26-cv-1765-GPC-DEB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES IN PART**<br><br>**[ECF No. 9]** |

Pending before the Court is Petitioner's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 9. For the reasons outlined below, the Court GRANTS the motion in part.

**BACKGROUND**

On March 26, 2026, this Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to release Petitioner. ECF No. 5. On March 26, 2026, Petitioner was released from custody. ECF No. 7. Petitioner now moves for an award of attorney's

1

fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* ECF No. 9.

## LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). The government bears the burden of showing that its position was substantially justified. *Id.*

The EAJA specifies a maximum statutory rate of $125 per hour, which the Ninth Circuit has adjusted to $258.46 for work performed in 2025. United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 14, 2026). The statutory rate is to apply "unless the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Thus, a court may award enhanced hourly rates based on the limited availability of qualified attorneys when an attorney possesses (1) "distinctive knowledge and specialized" skill that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (internal quotation marks and citations omitted). Examples of "distinctive knowledge" include "an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).

/ / /

/ / /

/ / /

25-cv-3730-GPC-DEB

**DISCUSSION**

Respondents have not filed an opposition to Petitioner's motion and, thus, do not oppose an award of attorney's fees in this case. Thus, the Court concludes that Petitioner is entitled to an award of attorney's fees under the EAJA.

**I.    Petitioner is Not Entitled to Enhancement**

Petitioner seeks an enhanced rate of $300 per hour, which is above the adjusted statutory maximum of $258.46 per hour. ECF No. 9-2 ¶ 10. Petitioner's counsel, however, does not argue a special factor that would warrant an enhanced rate. Instead, Petitioner only cites to an out-of-circuit case that awards counsel $275 per hour in a default judgment. *Id*. ¶ 9. Thus, the Court finds that an enhanced rate is not warranted.

**II.    Petitioner's Fee Request is Reasonable**

Petitioner's counsel has provided an itemized log detailing the number of hours that he dedicated to this action and how that time was spent. ECF No. 9-3. Mr. Li billed 28 hours on this case on a combination of case review, legal research, brief drafting, and case filing. *Id*. As Respondents have not filed an opposition, Respondents do not identify any billed hours as excessive or present argument as to why the time billed is unreasonable.

Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation marks and citation omitted). Upon reviewing the itemized billing hour record, the Court finds the hours reported by Petitioner's counsel to be reasonable.

**III.    Total Fee Award**

Fees awarded under the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate to determine an ultimate fee award. *Id.* The Court has determined that the reasonable rate for Mr. Li's billable hours is $258.46

25-cv-3730-GPC-DEB

per hour. The Court has further found that the hours billed by Mr. Li—28 hours—are reasonable. Thus, applying the lodestar method, the total fee award in this case amounts to $7,236.88.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's motion for attorney's fees under the Equal Access to Justice Act IN PART. The Court finds that an enhancement above the EAJA statutory hourly rate is not merited. Petitioner is awarded fees and costs in the amount of $7,236.88.

**IT IS SO ORDERED**.

Dated:  May 26, 2026

Hon. Gonzalo P. Curiel
United States District Judge

4

25-cv-3730-GPC-DEB